UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALICE M. PIDGEON | CIVIL ACTION |
| VERSUS | NO. 17-342-JJB-RLB |
| EAST BATON ROUGE SHERIFF'S OFFICE | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 21, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALICE M. PIDGEON                                             CIVIL ACTION

VERSUS                                                       NO. 17-342-JJB-RLB

EAST BATON ROUGE SHERIFF'S
OFFICE

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 2). The motion is opposed. (R. Doc. 4).

I.  **Background**

On March 28, 2017, Alice M. Pidgeon ("Plaintiff") initiated this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-1 at 6-10, "Petition"). Plaintiff alleges that she was hired by the East Baton Rouge Sheriff's Office ("Defendant") in 2005 as a Deputy and rose to the rank of Sergeant in 2012. (Petition, ¶¶ 4-5). Plaintiff, a black female in her fifties, further alleges that on or about October 2, 2015, Defendant wrongfully terminated her employment on the basis of her gender, race, and age. (Petition, ¶¶ 3, 10, 24).

In the Petition, Plaintiff asserts that because she submitted a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC") on February 10, 2016, and received a Right to Sue letter on December 23, 2016, she "has met all administrative prerequisites for the bringing of this action." (Petition, ¶ 19). Plaintiff further asserts that Defendant is liable for the actions of its employees under the doctrine of respondeat superior, and that the actions complained of in the Petition "were undertaken with malice and/or reckless indifference to [her] state and federally protected rights." (Petition, ¶¶ 22-23). Plaintiff alleges that Defendant is "in

1

violation of the Louisiana Employment Discrimination Laws, La. R.S. 23:301, *et seq.*, as amended by Act 1409, 1997, [and] has engaged in unlawful practices consisting of, but not limited to, intentional discrimination harassment of [Plaintiff], resulting in [Plaintiff's] termination of employment because of her gender, female, race, African-American, and age." (Petition, ¶ 24). Plaintiff seeks recovery of the following damages: "back pay; mental anguish; humiliation and embarrassment; loss of reputation; loss of enjoyment of life; foreseeable and unforeseeable damages[;] compensatory damages; punitive damages; prejudgment interest; [and] attorney's fees and all costs of these proceedings." (Petition, ¶ 25).

On May 31, 2017, Defendant removed the action on the basis that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (R. Doc. 1). Defendant asserts that "Plaintiff brings this action pursuant to federal laws for purported actions that have allegedly affected her federal civil rights, thereby raising a federal question and invoking the jurisdiction of this Court." (R. Doc. 1 at 2).

On June 23, 2017, Plaintiff filed the instant Motion to Remand. (R. Doc. 2).

## II. Arguments of the Parties

Plaintiff seeks remand on the basis that Defendant has not met its burden of establishing that this Court has federal question jurisdiction over this action in light of well-pleaded complaint rule. (R. Doc. 2-1 at 2-7). Plaintiff specifically argues that she did not incorporate by reference her EEOC Charge into her Petition, and solely mentioned the EEOC Charge "for the purpose of explaining the procedural posture of her claims and the actions that Defendant's unlawful treatment prompted her to take." (R. Doc. 2-1 at 5).

In opposition, Defendant argues that because Plaintiff has alleged that her "federal protected rights" have been violated, and given the factual allegations and relief sought in the

Petition, Plaintiff has raised a claim under Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). (R. Doc. 4 at 4-5). Defendant further asserts that because Plaintiff is seeking punitive damages, she must be seeking relief pursuant to Title VII as opposed to Louisiana Employment Discrimination Laws, which do not allow for recovery of punitive damages. (R. Doc. 4 at 6).

### III. Law and Analysis

#### A. Legal Standards

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. This Court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nevertheless, because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the

plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). That federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328-29 (5th Cir. 2008).

As this action was removed from state court pursuant to 28 U.S.C. § 1446, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**B.     Analysis**

The sole issue before the Court is whether Plaintiff's claims for gender, race, and age discrimination, as alleged in the Petition, arise under federal law. The Petition contains no express references to Title VII, the ADEA, or any other federal law. While Plaintiff alleges that Defendant's adverse employment action violated both her state and federally protected rights and that the actions complained about in the Petition were undertaken with malice and/or reckless indifference to her state and federally protected rights, the sole cause of action raised in the Petition seeks relief under Louisiana's employment discrimination laws. (Petition, ¶¶ 15, 23-24). Defendant nevertheless asserts that the Court has federal question jurisdiction over this action in light of Plaintiff's references in the Petition to her "federal protected rights" and her EEOC Charge, as well as her request for recovery of punitive damages. For the following reasons, the Court declines to find federal question jurisdiction in this removed action.

The Petition references Plaintiff's Charge of Discrimination submitted to the EEOC on or about February 10, 2016, as well as Plaintiff's receipt of a Right to Sue Letter from the EEOC on

4

or about December 23, 2016. (Petition, ¶ 19). Those references do not necessarily transform Plaintiff's action into one brought under federal law. Importantly, the Louisiana Commission on Human Rights ("LCHR") and the EEOC "have a work-sharing agreement whereby they operate as each other's agents for the purpose of receiving and drafting charges." *Martin v. Winn–Dixie Louisiana, Inc.*, 132 F. Supp. 3d 794, 814-15 (M.D. La. 2015) (quotation omitted); *see Conner v. La. Dep't of Health & Hosps.*, 247 F. App'x. 480, 481 (5th Cir. 2007). In light of this dual-filing system, claimants will often reference both state and federal law in EEOC charges so as to exhaust both state and federal administrative procedures; nevertheless, the claimants who do so are not required to pursue exhausted federal claims when initiating litigation. *See Williamson v. Pay and Save, Inc.*, 205 F. Supp. 2d 863, 867-68 (W.D. Tex. 2015) (citing *Kay v. Friendly's Ice Cream, LLC*, No. 14-14062, 2014 WL 7361243, at *1 (D. Mass. Dec. 23, 2014).

While not relied upon by Defendant in opposition to the instant motion, the Court finds it appropriate to address the Fifth Circuit decision *Davoodi v. Austin Independent School District*, 755 F.3d 307 (5th Cir. 2014). In that case, the defendant removed an action where the plaintiff sought relief for alleged discrimination solely under state law, but specifically incorporated by reference his EEOC Charge, which asserted a claim under Title VII. *See Davoodi v. Austin Independent School District*, No. 13-525 (W.D. Tex.), ECF No. 1-3. The Fifth Circuit held that because the plaintiff incorporated his EEOC Charge by reference in the petition, the claims under federal law in the EEOC Charge were fully incorporated into the petition pursuant to Rule 10(c) of the Federal Rules of Civil Procedure. *Davoodi*, 755 F.3d at 310. Unlike the plaintiff in *Davoodi*, the plaintiff in this action did not attach or otherwise attempt to incorporate his Charge into the pleadings.[1] Accordingly, *Davoodi* does not support a finding of federal question

---

[1] Neither party has filed a copy of the EEOC Charge into the record. Accordingly, it is unclear whether Plaintiff even referenced Title VII or the ADEA in her EEOC Charge at all.

jurisdiction in this particular case. *See Williamson*, 205 F. Supp. 3d at 867 (distinguishing *Davoodi* because "Plaintiff's Charge, and the allegations therein, did not become a part of her Petition" and "[t]herefore, Plaintiff does not raise a federal question in her Petition.").

The sole decision relied upon by Defendant for the proposition that Plaintiff's request for punitive damages supports a finding of federal question jurisdiction is *Caravanas v. Hall*, No. 99-1405, 1999 WL 605491 (E.D. La. Aug. 10, 1999). (R. Doc. 4 at 6 n.39). In that decision, the Eastern District of Louisiana held that where a plaintiff sought recovery of punitive damages in a sexual discrimination lawsuit, and alleged that the defendant's actions "were in willful, wanton, and reckless disregard for [his] constitutional rights," there was federal question jurisdiction over the removed action. *See Caravanas*, 1999 WL 605491, at *2. Defendant fails to acknowledge, however, that subsequent decisions have construed the *Caravanas* decision narrowly, and have refused to follow it. *See Dupre*, 2015 WL 3791705, at *3 (distinguishing *Caravanas* where the plaintiff sought recovery of punitive damages for "the intentional infliction of emotional distress" and did "not allege willful, wanton and reckless conduct or violation of constitutional rights"); *Manzella v. United Parcel Serv. Inc.*, No. 02-1800, 2002 WL 31040170, at *5 (E.D. La. Sept. 10, 2002) (distinguishing *Caravanas* because the petition merely for punitive damages and did "not allege willful, wanton and reckless conduct or violation of constitutional rights"); *Willie v. Greenleaf Wholesale Florists, Inc.*, No. 00-1977, 2000 WL 1877114, at *3 (E.D. La. Dec. 27, 2000) (distinguishing *Caravanas* because the petition at issue specifically cited the Louisiana Employment Discrimination Statutes as the statutory grounds for recovery of punitive damages).

In addition, in *Caravanas* the petition cited "no statutory provisions whatsoever," thereby forcing the court to determine the statutory grounds presumably at issue. *Caravanas*, 1999 WL 605491, at *2. In this action, Plaintiff specifically seeks recovery under the Louisiana

6

Employment Discrimination Statutes, and asserts that the Defendant's actions "were undertaken with malice and/or reckless indifference to [her] state and federally protected rights." (Petition, ¶¶ 23-24). Plaintiff also does not allege that Defendant's actions were willful or wanton. Given the allegations in the Petition, and the decisions made subsequent to *Caravanas*, the Court finds it inappropriate to infer federal question jurisdiction based on Plaintiff's request for punitive damages, even if not recoverable under state law.

Having reviewed the Petition as a whole, the Court finds insufficient grounds to infer that Plaintiff has raised a Title VII, ADEA, or any other federal cause of action that would support a finding that this Court has federal question jurisdiction over the removed action. To the extent the Petition raises ambiguities regarding whether a federal question has been raised, the Fifth Circuit has directed such ambiguities to be construed against removal. *See Manguno*, 276 F. 2d at 723. Indeed, "[t]he case law is replete with grants of motions to remand in similar circumstances, based on findings that the plaintiff elected to assert only state law claims, even when the complaints stated facts that would support a Title VII claim, contained references and/or more substantial inferences to Title VII than in this case and pled exhaustion of the administrative remedies necessary to bring a Title VII claim." *Dupre v. Family Dollar Stores of Louisiana*, No. 15-01432, 2015 WL 3791705, at *2 (W.D. La. June 16, 2015) (citing cases).

Plaintiff is the master of her pleadings, and has chosen not to allege any claims under Title VII, the ADEA, or any other federal statute. Instead, Plaintiff has chosen to only proceed under state law with regard to her discrimination claims. "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 809 n. 6 (1986). "[W]hen both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction." *Avitts,* 53 F.3d at

7

693.  "[S]ubject matter jurisdiction cannot be created by simple reference to federal law. Subject matter jurisdiction can only be created by pleading a cause of action within the district court's original jurisdiction." *Id.*  To the extent Plaintiff seeks relief not available under state law, Defendant will have the opportunity to defend against such relief in state court on the basis that the relief is unavailable to Plaintiff.

Finally, Plaintiff requests an award of actual expenses incurred as a result of the instant removal. (R. Doc. 2 at 1).  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005).  The Court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993).  To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.  Although the Court concludes that it does not have federal question jurisdiction over the instant action, it finds that Defendant's removal was not objectively reasonable.

## IV. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 2) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

**IT IS FURTHER RECOMMENDED** that the parties shall bear their own costs incurred as a result of the instant removal.

Signed in Baton Rouge, Louisiana, on August 21, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**